IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

AMMIE FISHER,

      Plaintiff,

v.

                                                             Case No. 16-2094-JTM

DIAGNOSTIC IMAGING CENTERS, P.A.,

      Defendant.

**MEMORANDUM AND ORDER**

Plaintiff Ammie Fisher filed this action against her former employer, Diagnostic Imaging Centers, P.A., alleging violations of the Fair Labor Standards Act (Count I), violations of the Kansas Wage Payment Act (Count II), and unjust enrichment (Count III) for unpaid wages. Before the court is Defendant's motion to dismiss Count III on the ground that it is duplicative of or preempted by the FLSA claim. Dkt. 5. In response, Plaintiff argues that Count III seeks more than what the FLSA claim can provide and thus is not duplicative of or preempted by the FLSA claim. Dkt. 9. Alternatively, Plaintiff moves to amend her complaint to clarify that she is seeking "gap time" wages — wages for fewer than 40 hours per week at a rate greater than the minimum wage — which are not recoverable under the FLSA. *Id.* at 6-8. Defendant rejoins that the proposed amendments do not cure the problem because the unjust enrichment claim is still duplicative of the FLSA claim, rendering the amendments futile. Dkt. 10. The court disagrees.

Defendant acknowledges that a claim for unjust enrichment is permitted "when the claim seeks something more than what the FLSA can provide—such as regular wages not paid at the contracted rate or 'gap time' wages." *Id.* at 4. *See Tommey v. Comput. Scis. Corp.*, 2013 WL 1000659, at *2 (D.Kan. 2013); *Sanchez v. Haltz Constr., Inc.*, 2012 WL 13514, at *8 (N.D. Ill.

2012); *Osby v. Citigroup, Inc.*, 2008 WL 2074102, at *2 (W.D. Mo. 2008). While the original complaint insufficiently alleges a claim for gap time wages, the proposed amended complaint contains sufficient allegations to indicate that Plaintiff is seeking compensation for gap time wages. Dkt. 9-1, First Am. Complaint at ¶¶ 43-44. Thus, the proposed amendments are not futile. And because Plaintiff's motion to amend was filed within 21 days of Defendant's motion to dismiss, she is entitled to amend as a matter of course. Fed. R. Civ. P. 15 (a)(1)(B).

The court, however, limits Plaintiff's unjust enrichment claim solely to the recovery of gap time wages. Thus, the court dismisses this claim to the extent Plaintiff seeks to recover overtime wages under this claim or statutory penalties.

**IT IS THEREFORE ORDERED** that Plaintiff's motion to amend (Dkt. 9) is **GRANTED**, and Defendant's motion to dismiss (Dkt. 5) is **GRANTED IN PART AND DENIED IN PART** as set forth above.

**IT IS SO ORDERED** this 25th day of July 2016.

s/ J. Thomas Marten
J. THOMAS MARTEN, Judge