IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| AMMIE FISHER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 16-2094-JTM |
| | ) |
| DIAGNOSTIC IMAGING CENTERS, PA, | ) |
| | ) |
| Defendant. | ) |

# **ORDER**

Plaintiff, Ammie Fisher, brings this action against her former employer, Diagnostic Imaging Centers, PA, for unpaid wages and premium overtime compensation under the Fair Labor Standards Act, 29 U.S.C. § 201 et seq. ("FLSA"), and the Kansas Wage Payment Act, K.S.A. § 44-301 et seq. ("KWPA"). She alleges defendant's practice of "rounding" employees' work hours led to underpayment. Defendant has filed a motion to compel plaintiff to respond to discovery requests seeking information about plaintiff's social media use, texting, telephoning, and e-mailing during the hours she claims to have been working for defendant **(ECF doc. 43)**. Plaintiff objects to the discovery on the grounds that it is irrelevant, burdensome, and overly broad. Because the court finds the discovery relevant and not overly broad, and plaintiff's burdensome argument unsupported, the motion is granted.

**I.       Background**

Plaintiff was employed for nearly 15 years as a receptionist at defendant's medical office. She claims that, in this position, she regularly worked more than 40 hours per workweek, but defendant adjusted her timesheet to reflect only 40 hours worked and did not pay her premium overtime compensation for hours worked in excess of 40.[1] Plaintiff further claims that even when she worked less than 40 hours per workweek, she was not compensated for all straight time worked.[2] Defendant answers that all or part of the time for which plaintiff seeks compensation was not compensable working time.[3] Defendant further states that it paid plaintiff for time during the workweek during which plaintiff was not performing work for defendant, and that plaintiff's claims are barred by the de minimus doctrine.[4]

Defendant served discovery on plaintiff seeking documents showing times that plaintiff conducted so-called "personal business" during "the hours she claims to have worked for [defendant] from February 10, 2013 to December 31, 2015." Specifically, defendant served requests for documents reflecting the dates and times during that period that

---

[1]Amended Complaint, ECF doc. 37 at 4.

[2]*Id.* at 5.

[3]Answer to Amended Complaint, ECF doc. 42 at 7.

[4]*Id.* at 8.

(1) "text messages were sent . . . on . . . personal telephone number[s] Plaintiff utilized,"[5] (2) "telephone calls [were] placed to or received on . . . personal telephone number[s] Plaintiff utilized,"[6] (3) "Plaintiff logged into any [personal] email account(s) . . . and/or sent email from any [such] account(s),"[7] and (4) "Plaintiff logged into, posted on, commented on, or otherwise utilized Facebook or Twitter."[8]  Significantly, defendant's discovery requests do *not* seek the *content* of any such calls, texts, e-mails, or posts, but rather, only seek records demonstrating that such action was taken.  Plaintiff objects to this discovery as not relevant, unduly burdensome, and overly broad.

**II.   Analysis**

Fed. R. Civ. P. 26(b)(1) allows parties to "obtain discovery regarding any non-privileged matter that is relevant to any party's claim or defense and proportional to the needs of the case."  Whether any particular discovery request is proportional is to be determined by considering, to the extent applicable, the following six factors: (1) the importance of the issues at stake in the action, (2) the amount in controversy, (3) the parties' relative access to relevant information, (4) the parties' resources, (5) the importance of the

---

[5] Request No. 5, ECF doc. 43-2 at 3.

[6] *Id.*

[7] Request No. 6, ECF doc. 43-2 at 3.

[8] Request No. 7, ECF doc. 43-2 at 3.  Related to Request No. 7 is Interrogatory No. 14, which asked plaintiff to identify the Facebook account she used during the delineated time period.  ECF doc. 43-1 at 12.

discovery in resolving the issues, and (6) whether the burden or expense of the proposed discovery outweighs its likely benefit.[9]

### A.     Relevance

Plaintiff's first argument is that the requested discovery is not relevant.  At the discovery stage, however, relevance is broadly construed.[10]  "[A]ny matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case" will be deemed relevant.[11]  The court has no difficulty finding relevant the requested information that might indicate plaintiff engaged in personal business (i.e., personal telephone calls, text messages, e-mail exchanges, or social media browsing or posting) during hours she claims she worked but was not properly compensated.  Such information directly speaks to defendant's defense that time for which plaintiff seeks compensation was not compensable working time.[12]

---

[9] Fed. R. Civ. P. 26(b)(1).

[10] *See Erickson, Kernell, Deruseau, & Kleypas v. Sprint Sols., Inc.*, No. 16-mc-212-JWL-GEB, 2016 WL 3685224, at *4 (D. Kan. July 12, 2016).

[11] *Rowan v. Sunflower Electric Power Corp.*, No. 15-9227-JWL-TJJ, 2016 WL 3745680, at *2 (D. Kan. July 13, 2016) (quoting *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978) and ruling the *Oppenheimer* standard still relevant after the 2015 Amendment to Rule 26(b)(1)).  *See also Waters v. Union Pacific R.R. Co.*, No. 15-1287-EFM-KGG, 2016 WL 3405173, at *1 (D. Kan. June 21, 2016) ("Relevance is broadly construed at the discovery stage of the litigation and a request for discovery should be considered relevant if there is any possibility the information sought may be relevant to the subject matter of the action.") (internal quotations and citation omitted).

[12] *See* Answer to Amended Complaint, ECF doc. 42 at 7.  *See also Castaneda v. JBS USA, LLC*, 819 F.3d 1237, 1241–42 (10th Cir. 2016) (defining "work" under the FLSA as

This case is closely on-point with *Folger v. Medicalodges, Inc.*, in which the plaintiff claimed unpaid wages and job misclassification under the FLSA.[13] The defendants moved to compel the plaintiff to disclose records reflecting the times and durations of telephone calls placed or received on the plaintiff's personal telephones during her employment.[14] Recognizing that "discovery relevance is minimal relevance," U.S. Magistrate Judge Karen M. Humphreys ruled that the "[p]laintiff's claim that she worked hours off-the-clock and defendants' burden of rebuttal make at least minimally relevant any information which could possibly lead to admissible evidence that she was not working during the claimed hours."[15] Such reasoning applies equally in this case.

Plaintiff has cited cases for the proposition that discovery requests for unfettered access to a party's social media activity are too broad to be deemed relevant.[16] These cases

---

exertion performed primarily for the benefit of the employer).

[13]No. 13-1203, 2013 WL 6244155 (D. Kan. Dec. 3, 2013).

[14]*Id.* at *2.

[15]*Id.*

[16]*See Smith v. Hillshire Brands*, No. 13-2605-CM-JPO, 2014 WL 2804188, at *4 (D. Kan. June 20, 2014) (discovery request for content of plaintiff's social media accounts was limited to content revealing plaintiff's emotional or mental state); *Kennedy v. Contract Pharm. Corp.*, No. 12-2664, 2013 WL 1966219, *2 (E.D.N.Y. May 13, 2013) (denying discovery requests for access to content of plaintiff's social networking accounts were there was "no effort to limit these requests to any relevant facts alleged in this action"); *Mailhoit v. Home Depot USA, Inc.*, 285 F.R.D. 566, 571–72 (C.D. Cal. 2012) ("extremely broad description" of content of social networking communications sought failed to make the threshold showing that discovery was reasonably calculated to lead to the discovery of admissible evidence); *Stonebarger v. Union Pac. Corp.*, No. 13-cv-2137-JAR-TJJ, 2014 WL

are not material to the instant discovery dispute, however, because as stated above, defendant does not seek access to the *content* of plaintiff's telephone calls, text messages, e-mails, or social media accounts.

Plaintiff has also cited a case from the U.S. District Court for the Middle District of Florida, *Palma v. Metro PCS Wireless, Inc.,* holding that "[w]ether or not an opt-in Plaintiff made a Facebook post during work hours or about work has no bearing on total hours worked."[17] The court declines to follow *Palma*. The *Palma* court did not support this holding with reason or law. Moreover, *Palma* conflicts with the well-reasoned *Folger* case out of our own district.

Finally, plaintiff contends that information showing that plaintiff engaged in personal business while at work is not relevant because defendant's phone-use policy "clearly allows employees to make and receive personal cell phone calls, as well as send and receive text messages" and defendant has presented no evidence plaintiff breached this policy.[18] As an initial matter, the court notes that plaintiff's representation of the policy is a bit misleading. The policy only sparingly allows for personal phone calls and limits text messaging to an

---

2986892, at *4 (D. Kan. July 2, 2014) (discovery request for public and private content of plaintiffs' social media accounts was limited to content revealing plaintiffs' emotional or mental states).

[17] 18 F. Supp. 3d 1346, 1348 (M.D. Fla. 2014).

[18] ECF doc. 47 at 4.

employee's break time.[19]  In any event, regardless of the phone-use policy, information showing plaintiff engaged in personal business at specific times during the work day could still lead to admissible evidence that plaintiff was not working during the claimed hours. Whether plaintiff was disciplined for such activity, while perhaps material to the ultimate questions to be decided in this case, is not material to the instant question of discovery relevance.  Plaintiff's relevancy objections are overruled.

### B. Unduly Burdensome

Plaintiff next asserts that complying with the discovery requests would be unduly burdensome.  Construing plaintiff's argument liberally, she asserts that the requests, even if relevant, do not satisfy Rule 26(b)(1)'s proportionality requirements because the burden or expense of the proposed discovery outweighs its likely benefit.  Plaintiff states that her counsel would be required "to perform a day-by-day, hour-by-hour search of every phone call, text message and Facebook post, then comparing [sic] the date and time of each phone call, text message or Facebook post with Plaintiff's work schedule to determine if those times coincided."[20]  Plaintiff cites a case from the Northen District of Georgia, *Jewell v. Aaron's,*

---

[19]ECF doc. 47-6 at 2 ("Personal cell phone use must be kept to a minimum during scheduled work shift in all areas of DIC.  Personal cell phones should be kept in employee's locker or a drawer *for use during lunch and break periods*.") and 3 ("Using personal cell phones for text messaging purposes must be limited to the employee's lunch or break period. Text messaging during the normal work shift is *prohibited*.") (emphasis added to both quotes).

[20]ECF doc. 47 at 3.

*Inc.*,[21] in support. In *Jewell*, the court held that the burden of requiring 87 opt-in plaintiffs "to review all of their postings on potentially multiple social networking sites over a four year period" to find support for defendant's argument that plaintiffs received a meal period outweighed "the remote relevance of the information."[22]

The court rejects plaintiff's burdensome objections. First, "[o]bjections based on undue burden must be clearly supported by an affidavit or other evidentiary proof of the time or expense involved in responding to the discovery request."[23] Plaintiff has failed to establish—by affidavit or otherwise—the resources or time that her counsel would be required to expend in reviewing the records to determine which calls, texts, e-mail activity, or social media activity occurred during plaintiff's work shifts.[24] Second, this case is easily distinguishable from *Jewell*. Review of the records of a single plaintiff, rather than 87 opt-in plaintiffs, aligns this case more closely with the District of Kansas case discussed above, *Folger*. In *Folger*, the court found that the plaintiff's burden of producing approximately 60

---

[21]No. 1:12-CV-0563-AT, 2013 WL 3770837 (N.D. Ga. July 19, 2013).

[22]*Id.* at *5.

[23]*Fish v. Kobach*, Nos. 16-2105-JAR-JPO, 15-9300-JAR-JPO, 2016 WL 893787, at *1 (D. Kan. March 8, 2016) (citing *Waddell & Reed Fin., Inc. v. Torchmark Corp.*, 222 F.R.D. 450, 454 (D. Kan. 2004); *Sonnino v. Univ. of Kan. Hosp. Auth.*, 220 F.R.D. 633, 653 (D. Kan. 2004); and *McCoy v. Whirlpool Corp.*, 214 F.R.D. 642, 646 (D. Kan. 2003)).

[24]*See Boone v. TFI Family Servs., Inc.*, No. 14-2548-JTM-KGG, 2016 WL 3156823, at *1 (D. Kan. June 6, 2016) ("[T]he Court finds that DCF has failed to establish that its resources or burden of the potential expense outweighs the undeniably important nature of the issues at stake in this case and the facially relevant nature of the request.").

billing statements was "not disproportionate to any potential benefit to defendants."[25]

Likewise, here the court finds that plaintiff has not demonstrated that her unquantified burden to review and produce a contained number of statements is disproportionate to the potential benefit of the information to defendant in fortifying its defense to plaintiff's claims.

### C. Overly Broad

Finally, plaintiff makes a cursory argument that the discovery is overly broad. The court disagrees. The requests neither use an omnibus term, such as "relating to" or "concerning," nor do they seek a broad range of information without temporal restriction.[26] Unlike the cases cited by plaintiff, they do not seek the content of plaintiff's text messages, e-mails, or social media posts. Further, as in *Folger*, defendant "properly narrowed the requests" to the accounts held by plaintiff during the relevant years of her employment.[27] This objection is overruled.

### III. Fee Request

Defendant's motion to compel concludes by requesting an award of defendant's attorneys' fees incurred in bringing the motion. The court has considered this request, and concludes that, on balance, this is not a situation that merits an award of fees.

---

[25]*Id.* at *3.

[26]*See Erickson, Kernell, Deruseau, & Kleypas v. Sprint Sols., Inc.*, No. 16-mc-212-JWL-GEB, 2016 WL 3685224, at *3 (D. Kan. July 12, 2016).

[27]*Folger*, 2013 WL 6244155, at *2.

IT IS THEREFORE ORDERED that plaintiff's discovery objections are overruled and defendant's motion to compel is granted.  Plaintiff is ordered to fully respond to the discovery in question by **October 7, 2016**.

Dated September 8, 2016, at Kansas City, Kansas.

                                         s/ James P. O'Hara
                                         James P. O'Hara
                                         U.S. Magistrate Judge